**Umaru BARRIE, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–5269–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

Matthew J. Harris, New York, N.Y., for Petitioner.

Anna Mills Wagoner, U.S. Atty., for the Middle District of North Carolina, Cheryl T. Sloan, Asst. U.S. Atty., Greensboro, NC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Umaru Barrie, a native and citizen of Sierra Leone, seeks review of an October 16, 2006 order of the BIA affirming the May 26, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting petitioner's application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Umaru Barrie*, No. A79 301 437 (B.I.A. Oct. 16, 2006), *aff'g* No. A79 301 437 (Immig. Ct. N.Y. City May 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As a preliminary matter, although Barrie asserts his eligibility for asylum, we lack jurisdiction to review this claim. The Immigration and Nationality Act states, in pertinent part, that: "[n]o court shall have jurisdiction to review any determination of the Attorney General," concerning the timeliness of an alien's application for asylum, *see* 8 U.S.C. § 1158(a)(2)(B), (a)(3), except to the extent that he raises constitutional claims or "questions of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326–27 (2d Cir.2006). Barrie does not raise any challenge to the agency's one-year bar finding in his brief to this Court. Thus, we are without jurisdiction to consider the denial of Barrie's asylum claim and dismiss the petition for review to that extent. 8 U.S.C. § 1158(a)(3).

We may, however, review the agency's denial of Barrie's withholding of removal claim.[1] Where, as here, the BIA adopts the decision of the IJ and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). In considering Barrie's withholding of removal claim, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

---

1. We deem Barrie's CAT claim abandoned since he does not raise any challenge to it in his brief. *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

■ It appears that the BIA may have misconstrued the IJ's decision regarding her changed country conditions finding. In her decision, the IJ did not consider whether the government had rebutted any presumption of a clear probability of persecution, pursuant to 8 C.F.R. § 208.16(b)(1). Indeed, she found that Barrie did not suffer persecution in Sierra Leone. Rather, the IJ relied on the country conditions evidence in the record to hold that Barrie did not meet his burden of proof for his withholding of removal claim. The BIA's decision, however, construes the IJ's decision as having found that Barrie established past persecution and that the government had rebutted the presumption of a clear probability of persecution by establishing a fundamental change in circumstances.

■ However, any error in this respect is harmless and remand is not required. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–40 (2d Cir.2006). In their briefs, both parties have addressed the changed country conditions finding on the apparent assumption that Barrie had established past persecution. Accordingly, we presume past persecution and address whether the agency was correct that there has been a fundamental change in circumstances in Sierra Leone such that Barrie's presumptively reasonable fear of returning there had been rebutted. We conclude that the agency's country conditions finding is supported by substantial evidence and a sufficient ground for denying Barrie's withholding of removal claim.

By Barrie's own admission, the political party he feared is no longer in power, and the Sierra Leone government is run by President Ahmed Tejan Kabbah and the Sierra Leone People's Party ("SLPP"), the party to which Barrie belonged. According to the 2004 U.S. State Department Human Rights Report in the record, the SLPP also holds a majority of the seats in Parliament. The report also indicates that the Sierra Leone government "generally respected the human rights of its citizens," and notes that, during the period covered by the report, there was no evidence of politically motivated killings or disappearances. Although the report indicates some ongoing violence in Sierra Leone, it does not indicate that individuals who supported the government, or President Kabbah, were subject to that violence. The other recent documents in the record similarly describe the situation in Sierra Leone, but provide no indication that Barrie, a member of the SLPP, would face persecution upon return to Sierra Leone. That the record describes general civil unrest in Sierra Leone is an insufficient basis for this Court to conclude that the agency erred in denying Barrie's withholding of removal claim. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 n. 3 (2d Cir.1999); *Matter of Sanchez and Escobar,* 19 I. & N. Dec. 276 (BIA 1985). Because substantial evidence supports the agency's conclusion that there has been a fundamental change in circumstances in Sierra Leone, we need not reach the agency's adverse credibility determination.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).